NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL MCLANE,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>SALSBURY; CITY OF EUGENE,<br><br>    Defendants-Appellees. | No. 20-35110<br><br>D.C. No. 6:17-cv-01817-MK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted March 5, 2021[**]
Portland, Oregon

Before: BOGGS,[***] PAEZ, and WATFORD, Circuit Judges.

In this civil rights action under 42 U.S.C. § 1983, the district court granted

summary judgment to defendant Salsbury on the basis of qualified immunity.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiff Michael McLane appeals.[1]  We have jurisdiction under 28 U.S.C. § 1291, and reviewing de novo, we affirm.

In evaluating a grant of qualified immunity, we ask two questions.  First, taking the facts in the light most favorable to the nonmoving party, whether the officer's conduct violated a constitutional right, and second, whether the right was clearly established at the time of the alleged misconduct.  *See Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009).  We may address either question first, and if the answer to either is "no," then the officer cannot be held liable for damages.  *See Pearson*, 555 U.S. at 236. The district court addressed both issues, concluding that, on the basis of the record evidence, McLane's Fourth Amendment claim failed as a matter of law and, alternatively, the law was not clearly established at the time of the incident.  We address only the first issue.

Under the Fourth Amendment, officers may only use force that is objectively reasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Graham v. Connor*, 490 U.S. 386, 397 (1989).  In determining objective reasonableness, we must balance the "nature and quality of the intrusion on the individual's Fourth Amendment

---

[1] McLane also alleged a state law battery claim against defendant City of Eugene, but the district court declined to assert supplemental jurisdiction over that claim once it resolved the federal claim.  The state law claim is not at issue in this appeal.

interests against the countervailing governmental interests at stake," and evaluate the totality of the circumstances "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396.

McLane contends that Officer Salsbury used excessive force during the course of an arrest when Salsbury struck McLane in the face three times following a high-speed chase and deployment of a taser. Summary judgment was proper on McLane's Fourth Amendment claim. The government had a strong interest in the use of force given that McLane (1) was suspected of having committed several serious and dangerous crimes, (2) could reasonably have been thought to pose an immediate threat to the safety of officers when he did not surrender prior to arrest or following deployment of the taser, and (3) had been actively resisting arrest when he led the police on a high-speed chase. *See Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc). The arresting officers, including Salsbury, could have reasonably suspected that McLane was armed. And before Salsbury struck McLane, the officers' attempts to use less forceful means to arrest McLane had failed. *See Miller v. Clark Cnty.*, 340 F.3d 959, 966 (9th Cir. 2003) (finding it "highly relevant" that the deputies had attempted several less forceful means of arrest). Under the totality of the circumstances from the perspective of a reasonable officer on the scene, Salsbury's use of force against McLane was reasonable as a matter of law. *See Graham*, 490 U.S. at 396.

3

**AFFIRMED.**